NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY L. STINSON,                      )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-4632
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed February 26, 2016.

Appeal from the Circuit Court for
Hillsborough County; Ronald N. Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender, and
Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

Larry L. Stinson appeals his judgment and sentence for delivery of

cocaine within 1000 feet of school property. We affirm but write to disclose an issue

that may warrant postconviction review.

Late on the evening of April 22, 2014, Mr. Stinson and his fiancée, Betty Hearn, were barbecuing chicken outside Mr. Stinson's duplex in West Tampa when an informant for the police approached Mr. Stinson to purchase cocaine as part of a sting operation. Although the testimony is in some conflict as to the details, it is clear that the informant eventually received a quantity of cocaine at the apartment and that Mr. Stinson was at least a principal in the transaction. Apparently, the informant had to wait for the cocaine to be obtained from another location before the transaction could be completed. The informant believed that he waited up to thirty minutes for the cocaine to arrive. The cocaine was delivered to him inside the apartment. Once the cocaine was delivered to him, the informant went outside and took off his hat to signal the police. A group of officers then moved in to make the arrest. They arrested Mr. Stinson and Ms. Hearn.

Mr. Stinson lives within 1000 feet of an elementary school. The offense of delivering cocaine carries a mandatory minimum term of incarceration of three years if the transaction occurs within 1000 feet of a school between the hours of 6:00 a.m. and midnight. See § 893.13(1)(c), Fla. Stat. (2014). Mr. Stinson and Ms. Hearn were both charged with this offense (count I) and with possession of cocaine (count II). They were represented by the same counsel and tried together.

At trial, no witness explicitly testified to the time of the transfer. It was apparently close to midnight when the transfer finally occurred. The detective in charge of this sting operation did not testify that he checked his watch to determine the time when the informant came outside to tip his hat. Instead, without objection, the detective seemingly agreed with the State's arguably leading questions that the series of events

in question had happened "shortly before midnight." On cross examination, the detective conceded that he did not know the exact time that he had picked up the informant that night before they eventually traveled to the location of the sting, although he estimated that it was approximately 8:00 p.m. Ultimately he agreed that "at some point in time during that late evening," he brought the informant to the location of the sting. The detective testified on direct that once they arrived, he observed the informant approach Mr. Stinson on the porch. The informant sat with Mr. Stinson for "a little while." Ms. Hearn approached them soon after, spoke to them briefly, and then left for approximately ten minutes. After she returned, the detective observed her, Mr. Stinson, and the informant go inside the duplex. After what the detective estimated to be three minutes, the informant came outside and signaled to law enforcement that the deal was done. The only additional testimony concerning the time of the transaction was provided by another officer involved in the operation and the informant, who has many felony convictions. Both of these witnesses gave affirmative answers to similar questions by the State.

The defense moved for a judgment of acquittal on count I as to both Mr. Stinson and Ms. Hearn. Counsel made a cursory argument that the State failed to prove the time of the delivery "specifically" because the informant did not testify to this fact. The trial court denied the motion and Mr. Stinson and Ms. Hearn were both found guilty as charged. On appeal, Mr. Stinson argues that the trial court erred when it

denied his motion for judgment of acquittal because the State presented insufficient evidence that the delivery occurred between 6 a.m. and midnight.[1]

We conclude with some hesitation that the testimony concerning the time of the transaction is enough to avoid a judgment of acquittal on delivery of cocaine within 1000 feet of a school and to permit the jury to convict Mr. Stinson of that offense. Our record contains no arrest records or any other evidence aside from the testimony described above that might establish that the offense was committed before midnight. Moreover, the State failed to take advantage of an opportunity to elicit explicit testimony from the detective concerning the time of the offense on redirect after defense counsel had cross-examined the detective on this point. One would expect that in a case where experienced officers conducted a controlled purchase, other, better evidence would exist to prove the time of the critical events.

The exact time of the transaction is very important to Mr. Stinson, who is almost sixty years old and had never been in prison before he was sentenced in this case. Because his prior record includes only one misdemeanor, Mr. Stinson may have received probation or another sentence less than the prison term he received if the jury had decided that the State failed to prove that the event occurred before midnight.

It is entirely possible that the timing of this event was not further developed at trial by Mr. Stinson's attorney because information not admitted into evidence made it clear that the transaction occurred prior to midnight. But if Mr. Stinson

---

[1]Ms. Hearn also appealed her judgments and sentences and raised the same issue as Mr. Stinson raises here. This court affirmed Ms. Hearn's judgments and sentences in a per curiam opinion. Hearn v. State, 177 So. 3d 615 (Fla. 2d DCA 2015) (table decision).

- 4 -

files a facially sufficient postconviction motion raising this issue, it should be given careful attention.

Affirmed.


SILBERMAN, J., Concurs.
SALARIO, J., Concurs in result only.